```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

SAIRY VELIZ                         :    BK No. 08-13292
          Debtor                             Chapter 13

- - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING CONFIRMATION

APPEARANCES:

    John B. Ennis, Esq.
    Attorney for Debtor
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920

    Kathryn A. Fyans, Esq.
    Attorney for Creditor, HSBC Bank USA, N.A.
    HARMON LAW OFFICES PC
    150 California Street
    Newton Highlands, Massachusetts 02458

    Susan W. Cody, Esq.
    Attorney for Creditor, HSBC Bank USA, N.A.
    KORDE & ASSOCIATES
    321 Billerica Road
    Chelmsford, Massachusetts 01824-4100

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 08-13292

Heard on HSBC Bank USA's ("HSBC's") (1) Objection to Confirmation of the Debtor's Amended Chapter 13 Plan, and (2) Motion to Modify Secured Claim.

The Debtor, Sairy Veliz ("Veliz"), owes HSBC $353,270 on a mortgage secured by her multi-family property, which the parties agree is worth $156,000. Veliz intends to bifurcate the mortgage into a secured claim of $156,000, and an unsecured claim of $197,270. She also offers to pay $17,142 in pre-petition arrearages through the Plan, and to make monthly mortgage payments in accordance with the original mortgage, i.e., beyond the term of the Plan. Finally, and in what turns out to be the deal breaker, Veliz wants to deduct from HSBC's (already reduced) secured claim, the amount paid to cure her pre-petition default.

HSBC objects to confirmation on two grounds: (1) that Veliz may not maintain payments on the secured portion of the loan beyond the life of the Plan, and (2) if Veliz prevails as to her first argument, she may not reduce HSBC's secured claim by the amount of the pre-petition arrearage cure payments made through the Plan.

BK No. 08-13292

**DISCUSSION**

**A. Bifurcation, and "Cure and Maintain"**[1]

11 U.S.C. § 1322(b)(2)[2] permits a debtor to "modify the rights of holders of secured claims," which includes bifurcating creditors' undersecured claims into secured and unsecured portions under § 506(a). *Fed. Nat'l Mortg. Assn. v. Ferreira (In re Ferreira)*, 223 B.R. 258, 260 (Bankr. D.R.I. 1998).

In addition to modifying the rights of secured creditors under § 1322(b)(2), a debtor may:

> provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.
> § 1322(b)(5).

Because Sections 1322(b)(2) and (b)(5) are not mutually exclusive, *In re Ferreira,* 223 B.R. at 262, a debtor may bifurcate an undersecured claim under § 1322(b)(2), cure any default, and

---

[1] This Court's position regarding secured claim payments beyond the plan's term has been clear since the mid-1990s. *See e.g. In re Kheng,* 202 B.R. 538 (Bankr. D.R.I. 1996); *Brown v. Shorewood Fin. Inc. (In re Brown)*, 175 B.R. 129 (Bankr. D. Mass. 1994); *In re Legowski,* 167 B.R. 711 (Bankr. D. Mass. 1994)); *In re McGregor*, 172 B.R. 718 (Bankr. D. Mass. 1994). Notwithstanding this considerable body of applicable law, we will address the issue again, as HSBC has argued and briefed the issue as one of first impression.

[2] All references to section numbers are to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq.*

2

BK No. 08-13292

maintain payments on the secured portion of the claim under § 1322(b)(5). *Id.*

In addition, a debtor who cures a default during the term of the plan is not required to pay the secured claim in full within the term of the plan. *See In re Plourde*, 402 B.R. 488, 491-492 (Bankr. D.N.H. 2009)(*citing In re Ferreira,* 223 B.R. at 261-262). Rather, a debtor may continue to make payments, as scheduled, on the secured part of the claim, in accordance with the provisions in the mortgage note. *Id.* The 1322(d)(1) and 1325(a)(5)(B)(ii) prohibitions against plan provisions that extend payments, do not apply, as § 1322(b)(5) specifically contemplates the right to continue to make such payments. *See In re McGregor,* 172 B.R. 718, 721 (Bankr. D. Mass. 1994).

For payment of secured claims to be extended beyond the plan, the Debtor must provide for the *maintenance of payments* on the secured claim, as valued by the court, and *maintenance of payments* means making the same principal and interest payments as provided in the note, within the time frame specified in the note. *Id*. Any deviation from the original contract terms will invoke the requirement that the secured claim be paid within the life of the plan. *Id.*

Veliz proposes to pay the pre-petition default during the Plan's term, and to maintain the contractual payments on HSBC's

BK No. 08-13292

secured claim beyond the Plan. If Veliz had stopped here, her plan would have been confirmed pursuant to § 1322(b)(5) and First Circuit case law. *See e.g. In re Plourde,* 402 B.R. 488 (Bankr. D.N.H. 2009); *Fed. Nat'l Mortg. Assn. v. Ferreira (In re Ferreira)*, 223 B.R. 258, 260 (Bankr. D.R.I. 1998); *In re Kheng,* 202 B.R. 538 (Bankr. D.R.I. 1996); *Brown v. Shorewood Fin. Inc. (In re Brown)*, 175 B.R. 129 (Bankr. D. Mass. 1994); *In re Legowski,* 167 B.R. 711 (Bankr. D. Mass. 1994)); *In re McGregor*, 172 B.R. 718 (Bankr. D. Mass. 1994). Instead, Veliz chose to engage in some problematic Chapter 13 trail blazing, as follows.

**B. Reduction of secured claim**

As noted, under § 1322(b)(5), a debtor may maintain payments on the secured portion of a bifurcated claim after the term of the plan, provided the debtor cures any pre-petition default. *In re Brown,* 175 B.R. at 132-133. So far, so good. But Veliz also seeks to deduct this cure amount ($17,142) from HSBC's secured loan balance, and the answer to whether such a plan proposal is confirmable, is unequivocally *NO*. When a claim is split under § 506(a), three separate components are left: "a secured claim up to the value of the collateral; an unsecured claim for the balance of the debt; and an arrearage claim for unpaid installments." Keith Lundin, *Chapter 13 Bankruptcy*, 3d Ed., §128.2, at 128-129 (2000 & Supp. 2004). Thus, by curing the arrearage claim, Veliz is

4

BK No. 08-13292

addressing only one component of HSBC's claim, which still needs to be paid *according to the original contract terms.* In re Brown, 175 B.R. at 133-134. Only when the pre-petition arrearage, plus the principal balance, equals the value of the creditor's secured claim, is the debt satisfied. *Id.*

Notwithstanding the statutory and decisional impediments to her position, Veliz encourages this Court to take an equitable stance, and stresses the financial difficulties facing so many over-leveraged homeowners in today's depressed economy. Congress however, has failed to provide bankruptcy courts with the tools necessary to provide such relief, and Debtor's counsel has not presented either statutory authority or case law (from anywhere) where such a plan has been confirmed. This Court has learned from experience that to craft or fashion relief based solely upon equitable grounds, in the long run changes nothing. It only increases legal expense, and postpones the inevitable conclusion: "Reversed and Remanded."

Therefore, based on the foregoing discussion and analysis, the authorities cited, and the reasoning in the treatises, confirmation of the Debtor's Amended Chapter 13 Plan, as proposed, is **DENIED**.

Debtor's counsel has twenty (20) days within which to file an amended plan that comports with the terms of this Opinion. Our ruling herein, and this deadline, apply as well to any other cases

5

BK No. 08-13292

wherein similar (cure payment) issues have been raised, and which are presently under advisement pending a ruling in this case.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this    16th    day of October, 2009.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 10/16/09